ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **BAUTISTA CAYMAN ASSET COMPANY**<br><br>Recurrida<br><br>v.<br><br>**MARÍA DEL CARMEN JIMÉNEZ SOTO y OTROS**<br><br>Peticionarios | KLCE202301381 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.: **YU2020CV00220**<br><br>Sobre: Ejecución de hipoteca: Propiedad Residencial, Cobro de Dinero – Ordinario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, la señora María del Carmen Jiménez Soto y el señor Luis Ruiz Jiménez (peticionarios), y nos solicitan la revisión de la *Resolución y Orden* emitida el 7 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. En el dictamen recurrido, el TPI declaró No Ha Lugar la *Moción Solicitando Desestimación por Falta de Jurisdicción* presentada por los peticionarios, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. .10.2 (5).

Por los fundamentos que expondremos a continuación, expedimos el auto de certiorari y confirmamos la *Resolución y Orden* recurrida.

## I.

El 12 de agosto de 2020, Bautista Cayman Asset Company (Bautista Cayman), presentó una demanda en contra del señor Luis Antonio Ruiz Vargas, la señora María del Carmen Jiménez Soto y la

Sociedad Legal de Gananciales que ambos componían, por cobro de dinero y ejecución de prenda e hipoteca. En la demanda, alegaron que el 30 de septiembre de 2004, los peticionarios suscribieron un Contrato de Préstamo y Línea de Crédito, en virtud del cual Doral Bank les extendió dos préstamos; un Préstamo Comercial a término por la cantidad de $320,000.00 y una Línea de Crédito por la cantidad de $15,000.00 y que para garantizar el préstamo, suscribieron un Pagaré Hipotecario por la suma de $320,000.00. Además, arguyeron que los peticionarios dejaron de cumplir con el pago de las mensualidades del préstamo hipotecario, adeudándole a Bautista Cayman, sucesor en interés de Doral Bank y quienes adquirieron los pagarés, la cantidad principal de $233,476.42, $110,012.20 en concepto de intereses acumulados a la fecha de la demanda, $785.91 en concepto de cargas por demoras y $32,000.00 en concepto de costas, gastos y honorarios de abogados.

La demanda fue enmendada el 27 de agosto de 2020, a los efectos de incluir a los herederos del señor Ruiz Vargas, pues este había fallecido.[1] Los codemandados herederos son Evelyn Ruiz Jiménez, Elizabeth Ruiz Jiménez, Ada Ruiz Jiménez y Luis Ruiz Jiménez.

El 24 de marzo de 2021, la señora Jiménez Soto presentó su *Contestación a Demanda Enmendada*.[2] El mismo día, presentó una moción al amparo de las reglas 69.5 y 69.6 de Procedimiento Civil a los efectos de solicitar al tribunal la imposición de una fianza de no residente a Bautista Cayman.[3] Asimismo, el 12 de abril de 2021, los codemandados, Evelyn Ruiz Jiménez, Elizabeth Ruiz Jiménez, Ada Ruiz Jiménez y Luis Ruiz Jiménez presentaron su oportuna

---

[1] El TPI permitió la enmienda a la demanda el 27 de enero de 2021.
[2] La contestación a la demanda fue enmendada el 24 de marzo de 2021 a los efectos de solicitar una imposición de fianza de no residente a Bautista Cayman por ser una corporación extranjera.
[3] La fianza de no residente fue prestada el 6 de mayo de 2021 y notificada al tribunal el 1 de junio de 2021.

contestación a la demanda enmendada. Posteriormente, estos repudiaron la herencia de su padre, el señor Ruiz Vargas, por lo que solicitaron al tribunal se desestimara la demanda en su contra. El 27 de mayo de 2021, notificada el 2 de junio de 2021, el TPI notificó mediante *Resolución* que se desestimaba el pleito en contra de estos.

Luego de varios trámites procesales, el 16 de junio de 2023, los peticionarios presentaron *Moción Solicitando Desestimación por Falta de Jurisdicción.* En su comparecencia, alegaron que el foro primario carecía de jurisdicción para atender la demanda incoada por Bautista Cayman. Enfatizan que del Registro de Corporaciones del Departamento de Estado de Puerto Rico, Bautista Cayman no estaba registrado como una corporación en la jurisdicción de Puerto Rico ni había solicitado autorización para hacer negocios en Puerto Rico. Además, realizaron una búsqueda en el Registro de Licencias de la Oficina del Comisionado de Instituciones Financieras de Puerto Rico (OCIF) y el resultado fue que Bautista Cayman no había obtenido una licencia para llevar a cabo funciones bancarias. Fundamentan sus alegaciones en que la Ley Núm. 164 de 16 de diciembre de 2009 (Ley Núm. 164-2009), mejor conocida como *Ley de Corporaciones de Puerto Rico* disponía que una corporación foránea no podrá hacer negocios en Puerto Rico, directamente, o por medio de un agente o representante localizado en Puerto Rico, hasta tanto no sometiera varios documentos al Secretario de Estado y cumpliera con los derechos pagaderos y establecidos por la propia Ley.

En respuesta, el 21 de junio de 2023, Bautista Cayman presentó su réplica y oposición a la moción de desestimación presentada por los peticionarios. En síntesis, alegó que no se consideraban transacciones de negocios en el Estado Libre Asociado de Puerto Rico, sujetas a una previa autorización: entablar, defender o transigir cualquier proceso judicial; crear o adquirir deudas,

hipotecas o garantías de bienes muebles e inmuebles; garantizar o cobrar deudas o ejecutar hipotecar o garantías en las propiedades que garantizan las deudas; y ser titular, sin más, de bienes muebles o inmuebles. Por lo anterior, sostuvieron que no procedía el petitorio desestimatorio de los peticionarios.

El 7 de septiembre de 2023, el TPI emitió la *Resolución y Orden.* En síntesis, el foro primario declaró No Ha Lugar la *Moción Solicitando Desestimación por Falta de Jurisdicción* presentada por los peticionarios. Además, concluyó que no procedía la desestimación del pleito ya que Bautista Cayman, a pesar de ser los tenedores de un pagaré con garantía hipotecaria, instaron una demanda a los fines de cobrar su acreencia y ejecutar el contrato de prenda en controversia, y que la Ley General de Corporaciones, en su Artículo 13.05 establece que dichas actividades no constituyen transacciones de negocios en el Estado Libre Asociado de Puerto Rico, por lo que el tribunal no estaba privado de jurisdicción.

En desacuerdo con la determinación del TPI, el 25 de septiembre de 2023, los peticionarios presentaron una solicitud de reconsideración, la cual el foro primario declaró No Ha Lugar el 25 de octubre de 2023, notificada el 8 de noviembre de 2023.

Aun inconforme, los peticionarios acudieron ante este Tribunal de Apelaciones y alegaron que el foro primario cometió el siguiente error:

> Erró el TPI al declarar sin lugar nuestra Moción Solicitando Desestimación por Falta de Jurisdicción (Ap. @111) y nuestra Moción Solicitando Reconsideración (Ap. @114), al entender que la Demandante-Recurrida no está llevando a cabo negocios en Puerto Rico y al guardar silencio respecto a nuestra solicitud de llevar a cabo descubrimiento de pruebas respecto a la controversia jurisdiccional y sobre la actividades comerciales que la demandante recurrida está llevando a cabo en Puerto Rico.

El 2 de enero de 2024, Bautista Cayman presentó *Escrito de Mostración de Causa.*

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[4]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de

---

[4] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

*certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

El Artículo 13.01 (a) de la Ley Núm. 164-2009, define el término corporación foránea como "una corporación organizada con arreglo a las leyes de cualquier jurisdicción que no sea el Estado

Libre Asociado de Puerto Rico". Por otra parte, el inciso (b) del mismo artículo, dispone que "una corporación foránea no podrá hacer negocios en Puerto Rico directamente, o por medio de un agente o representante localizado en Puerto Rico, hasta tanto no pague al Secretario de Estado los derechos pagaderos establecidos en el Capítulo 237 de este subtítulo...".

Como consecuencia de hacer negocios sin cumplir con los requisitos, el Artículo 13.03 de la Ley dispone que:

(a) Una corporación foránea a la cual se le exija cumplir con las disposiciones de las secs. 3801 y 3807 de este título, y que haya realizado negocios en el Estado Libre Asociado sin autorización, no podrá incoar procedimiento alguno en los tribunales del Estado Libre Asociado, hasta que dicha corporación haya sido autorizada a hacer negocios en esta jurisdicción y haya pagado al Estado Libre Asociado todos los derechos, penalidades e impuestos de franquicia por los años o fracciones de éstos durante los cuales la corporación hizo negocios en esta jurisdicción sin autorización.

(b) El hecho de que una corporación foránea dejara de obtener autorización para hacer negocios en el Estado Libre Asociado no menoscabará la validez de ningún contrato o acto de la corporación foránea, y no impedirá que la corporación foránea se defienda de cualquier procedimiento en el Estado Libre Asociado. 14 LPRA § 3803.

Referente a la controversia ante nuestra consideración, el Artículo 13.05 de la Ley Núm. 164, supra, establece las actividades que no constituyen transacciones de negocios en el Estado Libre Asociado. Estas son:

(a) Las siguientes actividades, sin que la lista sea exhaustiva, no constituyen transacciones de negocios en el Estado Libre Asociado:

(1) Entablar, defender o transigir cualquier proceso judicial.

[...]

(7) Crear o adquirir deudas, hipotecas o garantías de bienes muebles o inmuebles.

(8) Garantizar o cobrar deudas o ejecutar hipotecas o garantías en las propiedades que garantizan las deudas.

[. . .]

4 LPRA § 3805.

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico en *Caguas Company, Inc. v. López*, 59 DPR 264 (1941) resolvió que "una corporación extranjera que no haga negocios en la isla tiene capacidad para demandar en nuestros tribunales en cobro de pagarés de los cuales sea tenedora".

**III.**

En su único señalamiento de error, los peticionarios esbozan que Bautista Cayman es una corporación foránea que lleva más de 5 años llevando a cabo negocios dentro de la jurisdicción de Puerto Rico sin autorización para ello, pues estos no han pasado por el procedimiento de registro de corporación en Puerto Rico. Enfatizan que las actividades comerciales que está llevando a cabo Bautista Cayman no están incluidas entre las actividades que la Ley de Corporaciones proclama que no constituyen transacciones de negocio, en específico, vender acreencias, pagarés y sentencias a otras personas naturales y/o jurídicas, sin autorización para ello.

Por su parte, Bautista Cayman alega, en primer lugar, que esperar a la conclusión del descubrimiento de prueba, 2 años después de haber propiamente informado que estos eran una corporación foránea, para hacer súplicas inoportunas e improcedentes predicadas en tal condición, era una conducta de mala fe por parte de los peticionarios. Además, que la Ley 164-2009 es clara y específica, por lo que reclamar judicialmente el pago de una deuda monetaria con garantía hipotecaria adquirida no es una transacción de negocios que requiera certificado de autorización por el Departamento de Estado. Finalmente, señala que el descubrimiento de prueba culminó el 14 de abril de 2023, por lo que los peticionarios no podían requerir un descubrimiento de prueba adicional vencido el término, sin justa causa.

Así las cosas, debemos determinar si Bautista Cayman tiene la autoridad o no para reclamar judicialmente en Puerto Rico la acreencia de una deuda monetaria con garantía hipotecario. Tras un análisis del expediente y las argumentaciones de las partes, entendemos que la determinación del foro de instancia es correcta en derecho y tiene jurisdicción para atender la controversia suscitada entre las partes.

Somos del criterio que la Ley 164-2009, tal y como mencionamos anteriormente, es clara y precisa en cuanto a las actividades comerciales que no constituyen transacciones de negocios en el Estado Libre Asociado. Bautista Cayman adquirió unos pagarés hipotecarios producto de un endoso. Actualmente son los tenedores de dichos pagarés hipotecarios, por lo que pueden cobrar su acreencia por producto de un incumplimiento de pago, como lo es en este caso. Los peticionarios dejaron de cumplir con los pagos correspondientes a sus obligaciones contractuales sobre el préstamo hipotecario, por lo que la deuda fue declarada vencida, líquida y exigible.

Bautista Cayman entabló una demanda en la jurisdicción de Puerto Rico, a los efectos de cobrar su acreencia y adquirir lo correspondiente a la falta de pago de los peticionarios. Según la Ley 164-2009, este tipo de actividad se permite sin tener que ser autorizado por el Estado Libre Asociado, ni inscribirse como corporación en el Registro de Corporaciones de Puerto Rico. Como ya discutimos anteriormente, el Artículo 13.05, *supra,* dispone, referente a este tipo de actividad específicamente, lo siguiente:

> Las siguientes actividades, sin que la lista sea exhaustiva, no constituyen transacciones de negocios en el Estado Libre Asociado:
>
> **(1) Entablar, defender o transigir cualquier proceso judicial**
>
> […]

**(8) Garantizar o cobrar deudas o ejecutar hipotecas o garantías en las propiedades que garantizan las deudas.**

4 LPRA § 3805.

(Énfasis nuestro)

Bajo nuestro criterio, Bautista Cayman sí está autorizado para reclamar judicialmente en los tribunales de Puerto Rico para cobrar la deuda de una acreencia obtenida a su favor, y no está obligado a solicitar autorización para hacer negocios en Puerto Rico. La determinación del TPI fue correcta en derecho y en consecuencia, confirmamos la *Resolución y orden* apelada.

**V.**

Por los fundamentos antes expuestos, se expide el auto de certiorari y se confirma la *Resolución y Orden* recurrida.

Lo acordó este Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones